UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES,

                              Plaintiff,

        -against-                                          1:10-CV-01270 (LEK/RFT)

HATTIE D. HODGES, *also known as* H.
DENISE HODGES, *also known as*
HATTIE D. AFSTRALOS,

                              Defendant.

_____

**DECISION and ORDER**

## I.      INTRODUCTION

On October 25, 2010, Plaintiff commenced this action alleging that Defendant Hattie D.

Hodges ("Defendant") defaulted on a promissory note.  Dkt. No. 1 ("Complaint").  Currently before

the Court is Plaintiff's Motion for a default judgment brought pursuant to Rule 55(b) of the Federal

Rules of Civil Procedure.  See Dkt. No. 9 ("Motion").

## II.     BACKGROUND

Defendant is a resident of Herkimer County, New York.  Compl. ¶ 1.  The Complaint alleges

that Defendant executed a promissory note to secure loans from the Department of Education and

that has failed to repay loans in full.  See generally Compl.  Plaintiff alleges that the current

principal after application of all prior payments, credits, and offsets is $1,128.60, that the current

capitalized interest balance and accrued interest is $1,844.60, and that the total amount owed by

Defendant to Plaintiff (the sum of the two prior dollar amounts) is $2,973.20.  Compl. at 2.  Plaintiff

did not file an answer to the Complaint, and on September 9, 2011, Defendant filed a Request for an

entry of default.  Dkt. No. 5.  On September 15, 2011, the Clerk of the Court filed an Entry of

default against Defendant.  Dkt. No. 8.  In its Motion, Plaintiff requests that the Court order that

Plaintiff is entitled to recover "the principal sum of $1,128.60 plus accrued interest at 8% per annum

of $1,975.28" in addition to "attorney's fees of 931.16, process server fees of $70.00, and filing fees

of $250 for a total of $4,355.04."  Mot. at 2.

## III.   DISCUSSION

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court

must follow before it may enter a default judgment against a defendant.'"  United States v.

Simmons, No. 5:10-CV-1272, 2008 WL 685498, at *2 (N.D.N.Y.  Mar. 2, 2012) (quoting

Robertson v. Doe, No. 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008)).  "First,

under Rule 55(a), when a party fails to plead or otherwise defend . . . the clerk must enter the party's

default."  Id. (internal quotation marks omitted); see also FED. R. CIV. P. 55(a).  "'Second, pursuant

to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment

to the court.'"  Simmons, 2008 WL 685498, at *2 (quotation omitted).  "'Notice of the application

must be sent to the defaulting party so that it has an opportunity to show cause why the court should

not enter a default judgment.'"  Id. (quotation omitted); see also FED. R. CIV. P. 55(b)(2).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded

factual allegations in the complaint pertaining to liability."  Bravado Intern. Group Merchandising

Services, Inc. v. Ninna, Inc., 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing Greyhound

Exhibitgroup, Inc. v. E.L. U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)).  "While a default

judgment constitutes an admission of liability, the quantum of damages remains to be established by

proof unless the amount is liquidated or susceptible of mathematical computation."  Flaks v.

Koegel, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); see also Bravado Intern., 655 F. Supp. 2d at 189 (citation omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." Robertson, 2008 WL 2519894, at *3. "The burden is on the plaintiff to establish its entitlement to recovery." Bravado Intern., 655 F. Supp. 2d at 189 (citation omitted). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" Id. at 190 (quotation omitted).

The moving party also must include an affidavit setting forth that: (1) the responding party is not an infant, incompetent, or in the military service; (2) the responding party has defaulted in appearance in the action; (3) service was properly effected under Rule 4 of the Federal Rules of Civil Procedure; (4) the amount sought is justly due and owing, and no part has been paid; and (5) the disbursements sought to be taxed have been made in the action or will necessarily be made or incurred. See N.D.N.Y.L.R. 55.2(a).

Here, Plaintiff has failed to comply with the Federal and Local rules, and so the Court denies Plaintiff's Motion. Plaintiff has failed to provide sufficient supporting documents to demonstrate that it is entitled to any of the damages sought. Without discussing the substance of Plaintiff's Motion further, the Court notes that the filing fee in this District is $350, not $250 as requested by Plaintiff, and that the filing fee was explicitly waived in this case. Dkt. No. 1-3. This remedy is clearly not available to Plaintiff and should not be pursued in future filings. If Plaintiff wishes to file a new motion for default judgment, it must do so within thirty (30) days. Its new motion must conform with Federal and Local Rules of Procedure and must contain supporting documentation required by statute and rule.

3

## IV.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for default judgment (Dkt. No. 9) is **DENIED without prejudice** and it is further

**ORDERED**, that if Plaintiff wishes to file a new motion for default judgment, it must do so **within thirty (30) days**.  Its new motion must conform with the Local Rules and the Federal Rules of Civil Procedure and must contain supporting documentation required by statute and rule; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.


DATED:        July 30, 2012
              Albany, New York


Lawrence E. Kahn
U.S. District Judge

4