UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

UNITED STATES,

        Plaintiff,

 -against-             1:10-CV-01270 (LEK/RFT)

HATTIE D. HODGES, *also known as* H.
DENISE HODGES, *also known as*
HATTIE D. AFSTRALOS,

        Defendant.

## **<u>DECISION and ORDER</u>**

**I. INTRODUCTION**

On October 25, 2010, Plaintiff commenced this action alleging that Defendant Hattie D. Hodges ("Defendant") defaulted on a promissory note. Dkt. No. 1 ("Complaint"). On September 21, 2011, Plaintiff filed a Motion for a default judgment brought pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. See Dkt. No. 9 ("First Motion"). By Decision and Order, the Court denied the First Motion for default on July 30, 2012. Dkt. No. 10 ("July Order"). Subsequently, on August 1, 2012, Plaintiff filed a second Motion for a default judgment brought pursuant to Rule 55(b). Dkt. No. 11 ("Second Motion"). Presently before the Court is Plaintiff's Second Motion.[1]

**II. BACKGROUND**

Defendant is a resident of Herkimer County, New York. Compl. ¶ 1. The Complaint alleges

---

[1] The Court notes that prior to either the First or Second Motions for default judgment, Plaintiff had filed another defective Motion seeking a default judgment. Dkt. No. 5. This Motion was stricken by the Court. Dkt. No. 6. Therefore, the Court continues to refer to the instant Motion as the "Second Motion" despite the fact that it was Plaintiff's third attempt to obtain a default judgment.

that Defendant executed a promissory note to secure loans from the Department of Education and that she has failed to repay the loans in full.  See generally Compl.  Plaintiff alleges that the current principal after application of all prior payments, credits, and offsets is $1,128.60, that the current capitalized interest balance and accrued interest is $1,844.60, and that the total amount owed by Defendant to Plaintiff (the sum of the two prior dollar amounts) is $2,973.20.  Compl. at 2.  Defendant did not file an answer to the Complaint, and on September 9, 2011, Plaintiff filed a Request for an entry of default that was stricken for procedural error.  Dkt. No. 5.  On September 15, 2011, the Clerk of the Court filed an Entry of default against Defendant.  Dkt. No. 8.

In its First Motion, Plaintiff requested that the Court order that Plaintiff is entitled to recover "the principal sum of $1,128.60 plus accrued interest at 8% per annum of $1,975.28" in addition to "attorney's fees of $931.16, process server fees of $70.00, and filing fees of $250 for a total of $4,355.04."  First Mot. at 2.  The Court denied the First Motion because Plaintiff: (1) failed to comply with the Local Rules; (2) failed to provide sufficient supporting documents to demonstrate that it is entitled to any of the damages sought; and (3) requested relief to which it clearly was not entitled.  July Order.

### III.   DISCUSSION

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'"  United States v. Simmons, No. 5:10-CV-1272, 2008 WL 685498, at *2 (N.D.N.Y.  Mar. 2, 2012) (quoting Robertson v. Doe, No. 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008)).  "First, under Rule 55(a), when a party fails to plead or otherwise defend . . . the clerk must enter the party's default."  Id. (internal quotation marks omitted); see also FED. R. CIV. P. 55(a).  "'Second, pursuant

to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'" Simmons, 2008 WL 685498, at *2 (quotation omitted). "'Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment.'" Id. (quotation omitted); see also FED. R. CIV. P. 55(b)(2).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." Bravado Intern. Group Merchandising Services, Inc. v. Ninna, Inc., 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); see also Bravado Intern., 655 F. Supp. 2d at 189 (citation omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." Robertson, 2008 WL 2519894, at *3. "The burden is on the plaintiff to establish its entitlement to recovery." Bravado Intern., 655 F. Supp. 2d at 189 (citation omitted). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" Id. at 190 (quotation omitted).

The moving party also must include an affidavit setting forth that: (1) the responding party is not an infant, incompetent, or in the military service; (2) the responding party has defaulted in appearance in the action; (3) service was properly effected under Rule 4 of the Federal Rules of Civil Procedure; (4) the amount sought is justly due and owing, and no part has been paid; and (5) the disbursements sought to be taxed have been made in the action or will necessarily be made or

3

incurred.  See N.D.N.Y.L.R. 55.2(a).

In its First Motion, Plaintiff failed to comply with the affidavit requirements of Local Rule 55.2(a).  The Court explicitly enumerated these specific requirements in its July Order.  July Order at 3.  The Court further granted Plaintiff thirty days in which to file a new motion for default judgment but instructed that "[i]ts new motion *must* conform with Federal and Local Rules of Procedure and must contain supporting documentation required by statute and rule."  Id. (emphasis added).

Despite these clear directions from the Court, Plaintiff's Second Motion once again fails to comply with Local Rule 55.2.  While the Second Motion was filed promptly (only two days after the July Order was entered), Plaintiff once again failed to provide a sworn statement, as required by Local Rule 55.2(a) that – to the best of Plaintiff's knowledge – Defendant is neither an infant nor incompetent.

The Court has afforded Plaintiff ample opportunity to seek a default judgment in this matter.  On three occasions, Plaintiff has sought default judgments and at each turn has failed to obey basic procedural rules.  The Court can think of no reason why Plaintiff ought to be afforded a fourth strike.  Therefore, because Plaintiff has failed to comply with the Local Rules and with the clear directive of the Court, Plaintiff's Second Motion for default judgment is denied with prejudice.

**IV.   CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for default judgment (Dkt. No. 11) is **DENIED with prejudice**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED**.

DATED:   January 08, 2013
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge